DJW/sr

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RODERICK F. FIELDS,**

          **Plaintiff,**

v.                                                         **CIVIL ACTION**

                                                               **No. 07-3310-CM-DJW**

**AIMEE HUFFMAN, et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Stay Discovery, Scheduling Conference and all Pretrial Proceedings (doc. 30) filed by Defendants Poston and Himes. For the reasons set forth below, the Court will grant the Motion and will stay all Rule 26 and other pretrial proceedings until the Court has ruled on the pending Motion for Judgment on the Pleadings filed by Defendants Poston and Himes (doc. 29).

The Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States*.[1] *Wolf* held that it is appropriate for a court to stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

The Court also finds a stay to be appropriate given that Defendants' Motion for Judgment on the Pleadings raise issues as to Eleventh Amendment sovereign immunity and qualified

---

[1] 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id*. (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

immunity. Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[3] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, Defendants' Motion to Stay Discovery, Scheduling Conference and all Pretrial Proceedings (doc. 30) is granted. All pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures and discovery, with respect to Defendants Poston and Himes, are hereby stayed until the Court has ruled on the pending Motion for Judgment on the Pleadings (doc. 29).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 1st day of August 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[3] *See Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

[4] *Id.*, 500 U.S. at 232.

[5] *See id.* at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).