IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RODERICK F. FIELDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 07-3310-CM |
| **AIMEE HUFFMAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Roderick F. Fields, a prisoner in the Lansing Correctional Facility, brings this *pro se* action pursuant to 18 U.S.C. § 1983. Plaintiff claims that four employees of the Kansas Department of Corrections deprived him of his constitutional rights when they failed to protect him from inmate attacks and demonstrated deliberate indifference to his serious medical needs. Defendants Poston and Himes filed a Motion for Judgment on the Pleadings (Doc. 29). Defendants Huffman and Lambert have not yet been served and are not addressed in this Memorandum and Order.

**I.   Standard of Review**

The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citation omitted). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts

sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). On the other hand, a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

## II.   Factual Background

The following facts are taken from plaintiff's complaint and are taken as true.

In September and November 2005, "known crip gang members" attacked plaintiff. Both times, defendant Poston was aware of the attack. In September, defendant Poston played some role in disposing of the bloody mop handle used in the attack. A few hours later, she told plaintiff, "You know I'm thinking wood chips about now." In November, she watched another known crip gang member try to attack plaintiff with a metal shank and a wooden stick.

On December 14, 2005, another inmate, who was not a crip gang member, attacked plaintiff.

Inmate Berrends threw boiling water and chemicals on plaintiff because two crip gang members told him that he could become a crip if he did so. Defendant Poston picked up the hot pot as evidence, but then returned it to its owner, another inmate. As a result of the attack by inmate Berrends, plaintiff suffered blisters and wounds.

After the attack, plaintiff repeatedly requested medical assistance from defendant Himes over the intercom. Defendant Himes was operating the Officers' Control Booth. Correctional officers walked past plaintiff's cell and watched plaintiff "screaming in agonizing pain as the blisters got bigger and were spewing pus constantly." The next morning, plaintiff ran to the health clinic as soon as his door was opened for breakfast. Medical staff hospitalized him for serious conditions and stated that prison staff had delayed and denied much-needed emergency medical treatment.

Although these facts form the basis of the complaint, defendants ask the court to consider several other facts contained in exhibits to Plaintiff's Traverse to "Defendants['] Answer" (Doc. 28) and the *Martinez* Report (Doc. 20). According to these facts, plaintiff received treatment prior to asking defendant Himes for help. Also according to these facts, plaintiff did not know inmate Berrends before the December 14 attack and had never had any words or interaction with him.

At this stage of the proceedings, the court cannot consider the additional facts to which defendants point. True to its name, a motion for judgment on the pleadings must be decided only on the pleadings. Using a *Martinez* report to review a motion for judgment on the pleadings is inappropriate. *See Ketchum v. Cruz*, 961 F.2d 916, 919–20 (10th Cir. 1992). Rule 7(a) identifies seven specific types of pleadings, and those are the only pleadings allowed in a lawsuit. A reply to an answer is allowed, but only "if the court orders one." Fed. R. Civ. P. 7(a)(7). Here, the court did not order plaintiff to reply to defendants' answer. Plaintiff's traverse therefore does not qualify as a pleading, and the court does not consider it in ruling on defendants' motion.

-3-

## II.    Discussion

### A.    Statute of Limitations

Defendants ask the court to dismiss plaintiff's claims based on injuries sustained prior to December 13, 2005 because they are barred by the statute of limitations. The statute of limitations for § 1983 claims is based on the statute of limitations provided by state law for ordinary personal injury claims—two years in Kansas. *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted) ; Kan. Stat. Ann. § 60-513(a)(4).

Plaintiff filed his civil rights complaint on December 13, 2007, which would suggest that some of his claims are untimely. But defendants fail to note that plaintiff also attached administrative grievances to his complaint. "[E]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and Bivens claims." *Roberts*, 484 F.3d at 1241 (citation and internal quotation marks omitted). The facts currently before the court are insufficient to determine whether plaintiff "pursued administrative remedies such that sufficient tolling occurred to enable [him] to avoid a statute of limitations bar." *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). Because the statute of limitations defense is not clear from the face of the complaint or based on adequately developed facts, the court cannot determine at this time whether a portion of plaintiff's claims are barred by the statute of limitations. Defendants' motion is denied on this issue.

### B.    Sovereign Immunity

Defendants seek dismissal of the claims against them in their official capacity because such claims are barred by the doctrine of sovereign immunity. The Eleventh Amendment generally bars suit in federal court against states and agencies considered to be arms of the state. *See generally Alden v. Maine*, 527 U.S. 706 (1999). "[A] suit against a state official in his or her official capacity

is not a suit against the official but rather is a suit against the official's office. . . .  As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Although parties may bring claims for certain prospective equitable relief against state officials sued in their official capacity, claims for monetary damages are barred. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).  Plaintiff's claims against defendants Poston and Himes in their official capacity are therefore dismissed.

**C.     Qualified Immunity**

The court next addresses the claims against defendants Poston and Himes in their individual capacity.  Government officials performing discretionary functions generally enjoy qualified immunity from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The questions before the court are whether defendants violated a constitutional right, and, if so, whether that right was clearly established such that a reasonable person in the officer's position would have known that his or her conduct violated that right. *Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995).

Because defendants took the position that plaintiff's claims arising before December 13, 2005 are barred by the statute of limitations, defendants only addressed plaintiff's claims arising out of the December 14, 2005 attack.  Plaintiff claims that defendant Poston failed to protect plaintiff and that defendant Himes showed deliberate indifference to his serious medical needs after the attack.

Plaintiff brings both claims pursuant to the Eighth Amendment and Fourteenth Amendment.  Because the Eighth Amendment specifically prohibits cruel and unusual punishment, the Eighth

Amendment—not the more generalized notion of substantive due process—guides the court. *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1201 (D. Kan. 2008). In any event, the analytical standards applied under the Eighth and Fourteenth Amendments are the same. *Id.*

### *1.  Defendant Poston*

Defendant Poston claims that plaintiff fails to allege a constitutional violation because the only allegation regarding defendant Poston and the December 14 incident is that defendant Poston picked up the hot pot off the floor after the attack and returned it to its owner. Defendant Poston also claims that plaintiff's allegations do not show that defendant Poston disregarded any risk to plaintiff or failed to protect him when he had a duty to do so.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners, but prison officials are not expected to prevent every injury suffered by one prisoner at the hands of another. *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). "The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows the defendants acted with 'wanton or obdurate disregard for or deliberate indifference to' the protection of prisoners' lives." *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1195 (D. Kan. 2008) (citing *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992)). The test for deliberate indifference has an objective and subjective component. *Id.* Under the objective component, the harm suffered must be sufficiently serious to implicate the Eighth Amendment. *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003). The subjective component is met if a prison official both knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. "Deliberate indifference requires more than a showing of simple or heightened negligence." *Verdecia*, 327 F.3d at 1175 (citations omitted).

Defendant Poston does not dispute the objective component—that plaintiff's harm was sufficiently serious—but instead argues that plaintiff cannot meet the subjective component. The subjective component "requires that the defendant's conduct is in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, or that the conduct disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Id.* 327 F.3d at 1176 (internal quotations omitted). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Viewed in the light most favorable to plaintiff, the allegations in plaintiff's complaint suggest that defendant Poston knew that a prison gang was targeting plaintiff, but turned a blind eye to the gang's actions. Plaintiff's allegations further suggest that defendant Poston then took measures to hide, destroy, or at a minimum, relinquish control over evidence of the gang's acts against plaintiff. At this stage of the proceedings, plaintiff's allegations are sufficient to state a constitutional violation.

The next inquiry of qualified immunity analysis requires the court to determine whether a reasonable official would understand that his actions or inaction would violate plaintiff's constitutional rights. Assuming that plaintiff's allegations are true, the court determines that defendant Poston was on notice that a failure to protect plaintiff was unconstitutional. Based on the pleadings before the court at this time, defendant Poston is not entitled to qualified immunity for failing to protect plaintiff from the December 14, 2005 incident.

*2. Defendant Himes*

Plaintiff alleges he suffered great pain because defendant Himes did not summon medical staff or aid plaintiff with his medical needs after the December 14 incident. "'In order to state a

cognizable claim [that he has been denied adequate medical treatment in violation of the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Wallin v. CMI*, 269 F. App'x 820, 824 (10th Cir. 2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Again, there is an objective component and a subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

To meet the objective component, the injury or deprivation must be sufficiently serious. *Farmer*, 511 U.S. at 834. "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock*, 218 F.3d at 1209 (citing *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Substantial harm includes lifelong handicap, permanent loss, or considerable pain. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Under the subjective component, prison officials must consciously disregard a known, serious risk to inmate health or safety. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "[I]nadvertent or negligent failure to provide medical care, however serious the consequences, does not rise to 'deliberate indifference to serious medical needs' and is not a constitutional violation." *Wallin*, 269 F. App'x at 826 (citations omitted).

As for the objective component, plaintiff alleges that he suffered "agonizing pain" and that his blisters got bigger and were "spewing pus constantly." At this stage of the proceedings, plaintiff's allegations are sufficient to show that he suffered substantial harm through considerable

-8-

pain.

As for the subjective component, plaintiff alleges that he repeatedly requested medical assistance from defendant Himes over the intercom. Defendant was operating the Officers' Control Booth at the time. The court is unaware of what function defendant Himes was serving from the Control Booth, but it is plausible that she advised the cellhouse officers what to do and whether to respond to plaintiff's requests. Construing reasonable inferences in favor of plaintiff, he has stated a constitutional violation.

The court next determines whether a reasonable official would understand that his actions or inaction would violate plaintiff's constitutional rights. Assuming that plaintiff's allegations are true, the court determines that defendant Himes was on notice that a failure to provide plaintiff medical care was unconstitutional. Based on the facts currently before the court, defendant Himes is not entitled to qualified immunity for failing to provide medical care after the December 14, 2005 incident.

**D.    Failure to State A Claim**

Defendants ask the court to dismiss plaintiff's claim for declaratory judgment because plaintiff has not alleged an unlawful deprivation of a constitutional right. As explained above, plaintiff has stated a claim for violation of his constitutional right to be free from cruel and unusual punishment. Defendants' motion is therefore denied on this point.

**IT IS THEREFORE ORDERED** that defendants' Motion for Judgment on the Pleadings (Doc. 29) is denied.

Dated this 14th day of November 2008, at Kansas City, Kansas.

                               **s/ Carlos Murguia**
                               **CARLOS MURGUIA**
                               **United States District Judge**