DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RODERICK F. FIELDS,**

               **Plaintiff,**

v.                                               **CIVIL ACTION**

                                                            **No. 07-3310-CM-DJW**

**AIMEE HUFFMAN, et al.,**

               **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Independent Physical and Mental Examinations of Plaintiff Pursuant to Rule 35 (doc. 67). Plaintiff seeks a court order for physical and mental examinations of himself. For the reasons set forth below, the Court will deny the Motion.

**I. Background**

Plaintiff, who is proceeding *pro se* in this matter, is a prisoner currently confined at the Lansing Correctional Facility in Lansing, Kansas.[1] Defendants were employed at El Dorado Correctional Facility, where Plaintiff was housed at the time of the incidents giving rise to Plaintiff's claims.[2] In his complaint, Plaintiff alleges that Defendants violated his civil rights under 42 U.S.C. § 1983 by failing to prevent attacks on Plaintiff by other inmates.[3] Plaintiff also contends that

---

[1] *See* Compl. (doc. 1) at 1.

[2] Answer (doc. 23) at ¶ 4; Answer (doc. 24) at ¶ 3; Answer (doc. 56) at ¶ 2.

[3] *See* Compl. at 2, 4-8.

Defendants failed to provide him proper medical assistance after the attacks.[4] On May 28, 2009, Plaintiff filed this Motion requesting that the Court order physical and mental examinations of Plaintiff pursuant to Fed. R. Civ. P. 35.

## II. Standard

Rule 35 states that "for good cause," the court may order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35 provides the court with authority to "order a party to submit to a physical or mental examination at the request of an opposing party."[5] However, Rule 35 does not "contemplate or authorize a party to compel his or her own physical [or mental] examination - the obvious assumption being that persons do not need court orders if they want to have themselves examined."[6]

## III. Analysis

Plaintiff moves the Court to order physical and mental examinations of himself under Rule 35. In support of his Motion, Plaintiff claims that the "contracted health care provider for prisoners, Correct Care Solutions (C.C.S.) will not get involve[d] with the civil dispute between the plaintiff

---

[4] *Id.*

[5] *Brown v. U.S.*, No. 00-3298, 2003 WL 21949580, at *3 (7th Cir. Aug. 11, 2003) (Rule 35 "would allow the court to order a party to submit to a physical examination at the request of an opposing party.") *Cabrera v. Williams*, No. 4:05CV3121, 2007 WL 2682163, at *2 (D. Neb. Sept. 7, 2007); *Adams v. Epps*, No. 5:08-CV-154-DCB-MTP, 2008 WL 4861926, at *1 (S.D. Miss. Nov. 10, 2008); *Melton v. Simmons*, No. 1:08CV458-3-MU, 2009 WL 454619, at *1 (W.D.N.C. Feb. 23, 2009); .

[6] *Cunningham v. Orr*, No. Civ. S88-384, 1989 WL 516269, at. *1 (N.D. Ind. May 8, 1989); *See Cabrera v. Williams*, No. 4:05CV3121, 2007 WL 2682163, at *2 (D. Neb. Sept. 7, 2007) (denying pro se prisoner's Rule 35 motion because Rule 35 does not authorize a Plaintiff to request an examination of himself); *Adams v. Epps*, No. 5:08-CV-154-DCB-MTP, 2008 WL 4861926, at *1 (S.D. Miss. Nov. 10, 2008) (same); *Melton v. Simmons*, No. 1:08CV458-3-MU, 2009 WL 454619, at *1 (W.D.N.C. Feb. 23, 2009) ("Rule 35 does not authorize this Court to order that Plaintiff receive an examination of himself.").

and defendants," due to a "conflict of interest by plaintiff being in custody of defendants."[7] Plaintiff also argues that the physical and mental examinations of himself would be "in the best interest of justice and to assist the court, defendant and plaintiff in the assessment of damages for past and present person[al] injuries . . . ."[8]

However, Plaintiff misconstrues the scope of Rule 35.  Rule 35 allows a party to request the Court to order physical and mental examinations of the opposing party.   Rule 35 is not intended to cover a situation such as the one here where a plaintiff wishes an examination of himself.   The Court therefore denies Plaintiff's Motion.

## IV.  Appointment of Counsel

Plaintiff's Motion for a Rule 35 exam has convinced the Court that it must reconsider Plaintiff's Motion for Appointment of Counsel (doc. 3) and New and Different Motion for Appointment of Counsel (doc. 48).  It is well settled that a party has no constitutional right to appointment of counsel in a civil case.[9]  The district court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis*.[10]  The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the court.[11]   In determining whether to appoint counsel, the court may consider a variety of factors, including: (1)

---

[7] Pl.'s Mot. for Independent Physical & Mental Examinations of Pl. at 1-2.

[8] *Id.* at 2.

[9] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[10] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[11] *See Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir.1991).

3

the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[12]

The Court finds that, under the standards set forth above, counsel should be appointed in this case. Plaintiff's Motion has shed light on the fact that his ability to present his claims is impeded by his inability to obtain an expert to ascertain his damages in this case. In addition, the potential complexity of the legal issues raised by Plaintiff's claims call for the appointment of counsel in this case. Accordingly, the Court will appoint counsel for Plaintiff. A separate order will be issued naming the counsel to be appointed after the Court has located the appropriate attorney to represent Plaintiff.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Independent Physical and Mental Examinations of Plaintiff Pursuant to Rule 35 (doc.67) is denied.

**IT IS FURTHER ORDERED** that upon reconsideration of Plaintiff's prior motions for appointment of counsel, the Court will appoint counsel for Plaintiff.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 1ST day of June 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[12] *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).