DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RODERICK F. FIELDS,                )
                                   )
                    Plaintiff,     )
                                   )          CIVIL ACTION
v.                                 )
                                   )          Case No. 07-3310-JTM-DJW
AIMEE HUFFMAN, et al.,             )
                                   )
                    Defendants.    )


### ORDER

This matter is before the Court on Plaintiff's Motion for an Order Compelling Discovery (doc. 78).  The Court notes that Plaintiff filed this Motion before the Court entered its order appointing counsel for Plaintiff.  Pursuant to Fed. R. Civ. P. 37(a), Plaintiff seeks an order from this Court compelling Defendants Huffman, Poston, and Himes as well as the Kansas Department of Corrections, a party of interest in this case, to respond to Plaintiff's Request for Production of Documents.  For the reasons set forth below, Plaintiff's Motion is denied without prejudice.

## I.     CONFERRING REQUIREMENTS

 "The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[1]  Therefore, before addressing the merits of Plaintiff's Motion, the Court must determine whether Plaintiff complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

_____

[1] D. Kan. Rule 37.2.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[2] Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[3]

In addition, D. Kan. Rule 37.2 requires counsel for the moving party to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[4] D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[5]

## II.   ANALYSIS

The Court has reviewed Plaintiff's Motion and Defendants' response to the Motion. Plaintiff fails to state that he conferred or attempted to confer with Defendants' counsel before filing his Motion. In addition, Defendants' counsel claims that Plaintiff never contacted him or attempted to contact him before Plaintiff filed this Motion. The Court therefore concludes that Plaintiff failed to confer or make a reasonable attempt to confer with Defendants' counsel before filing the Motion as required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2.

---

[2] Fed. R. Civ. P. 37(a)(1).

[3] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[4] D. Kan. Rule 37.2.

[5] *Id*.

2

## III.    CONCLUSION

The Court will deny Plaintiff's Motion without prejudice for failure to satisfy the conferring requirements under Fed. R. Civ. P. 37 and D. Kan. Rule 37.2.  Plaintiff's counsel shall confer or make a reasonable effort to confer with Defendants' counsel before refiling any motion to compel responses to Plaintiff's Request for Production of Documents **within 30 days** of the date of the filing of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Order Compelling Discovery (doc. 78) is denied without prejudice to refiling **within 30 days** of the date of the filing of this Order.  Before refiling a motion to compel responses to Plaintiff's Request for Production of Documents, Plaintiff's counsel must confer or make a reasonable effort to confer with Defendants' counsel regarding the discovery dispute.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 18th day of September 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

3